U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 28 2018
CLERK, U.S. DISTRICT COURT
By ______ Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL ANTHONY MUNSON (01)

No.

3-18CR-438-D

## INDICTMENT

The Grand Jury charges:

At all times material to this indictment:

Counts One through Five
Summer Food Service Program Fraud
(Violation of 42 U.S.C. § 1761(o)(1))

1. As set forth more fully below, the defendant, **Michael Anthony Munson**, defrauded the Summer Food Service Program, a federally funded program that provides free meals to children living in low-income areas when school is not in session. From 2011 to 2014, **Munson** received over $2.5 million for meals that he did not provide.

The Summer Food Service Program Generally

2. The Food and Nutrition Service (FNS), an agency of the United States Department of Agriculture, administers the Summer Food Service Program at the national level. The Texas Department of Agriculture (TDA) administers the Summer Food Service Program in Texas. FNS publishes detailed requirements for meals and snacks (collectively "meals") to be reimbursable. Approved "Sponsors" in the Summer Food Service Program can obtain reimbursement for meals they provide at eligible sites.

The amount of the reimbursement is determined by the number of qualifying meals served.

The Defendant and the Heloise Munson Foundation

3. **Michael Anthony Munson**, a resident of Dallas, Texas, was the founder and director of the Heloise Munson Foundation, an approved Sponsor in the Summer Food Service Program in Texas from approximately 2008 to December 1, 2014. The Heloise Munson Foundation was the Summer Food Service Program Sponsor for more than 50 sites across the DFW Metroplex, including various public parks, libraries, churches, apartment complexes, and YMCAs.

4. **Munson** submitted electronic claims to TDA containing the purported number and type of meals served by the Heloise Munson Foundation per month per site. **Munson** was required to maintain documents, such as invoices and meal count forms, to support his claims. **Munson** had to certify the truth of every claim by checking a box with certification language that also acknowledged that he could be prosecuted for misrepresenting or withholding information. This certification was material to TDA's decision to pay each of his claims.

5. Beginning in or about June 2011, the exact date being unknown to the grand jury, and continuing through on or about October 8, 2014, **Munson** submitted false and fraudulent claims for reimbursement to TDA under the Summer Food Service Program for sites where the Heloise Munson Foundation served no meals, and claims with falsely inflated meal counts for sites where the Heloise Munson Foundation served some meals. From 2011 to 2014, **Munson** claimed to have provided more than 2.4

million meals and submitted claims for reimbursement for more than $5.4 million. In reality, however, **Munson** provided fewer than 1 million meals and received more than $2.5 million for meals that were not provided.

6. In response to TDA inquiries regarding the legitimacy of some claims, **Munson** paid Person A, an individual known to the grand jury, a total of approximately $75,000 to create invoices and other documents to give the false appearance that the Heloise Munson Foundation had purchased enough milk, juice, and food from a fictitious company called Janus Wholesale Food, Inc. (Janus) to have provided the number of meals indicated in the claims for reimbursement.

7. **Munson** paid Person A approximately $20,000 after receiving a letter from TDA in September 2012, notifying him that TDA would being reviewing the Heloise Munson Foundation's claims for June, July, and August 2012 "as a result of unusual site claiming patterns identified in the June and July 2012 claims."

8. On September 19, 2012, Person A purchased and created the website domain "januswholesalefoods.com."

9. On or about November 6, 2012, **Munson** submitted invoices to TDA that falsely indicated that the Heloise Munson Foundation had purchased approximately $186,704.42 of milk, juice, and food items from Janus.

10. On or about the dates set forth below, **Munson** wrote checks to Janus from the Heloise Munson Foundation purportedly for food, beverages, and supplies. However, Janus never provided any food, beverages, or supplies to **Munson** or the Heloise Munson Foundation:

| Check No. | Date | Payee | Amount | Memo Line |
|---|---|---|---|---|
| 1417 | 07/10/2013 | Janus | $5,000 | Food/Milk June |
| 1450 | 07/26/2013 | Janus Wholesale Food | $20,000 | Food Invoice |
| 1472 | 08/05/2013 | Janus | $5,000 | Food |
| 1486 | 08/14/2013 | Janus | $20,000 | Food / Supply |
| 1510 | 09/11/2013 | Janus | $5,000 | Food |

11. On July 16, 2013, **Munson** received a letter via email from TDA notifying him that an administrative and site review would be conducted on August 6, 2013, regarding the Heloise Munson Foundation's "compliance with applicable federal and state regulations." The letter requested that **Munson** make "food cost invoices" available for inspection by TDA staff. **Munson** forwarded the email and letter to Person A the same day.

12. On July 17, 2013, Person A opened a bank account for Janus Wholesale Foods, Inc. using a fake IRS Employer Identification Number, and used the July 10, 2013 check for $5,000 (Check No. 1417) as the initial deposit.

13. On or about October 1, 2013, Person A created a false affidavit from a fictitious person who purported to be the Director of Sales for Janus. The affidavit falsely stated that Janus sold juice, milk, and other food products to Michael Munson of the Heloise Munson foundation during the summer of 2013. On or about October 2, 2013, **Munson** caused the false affidavit to be submitted to TDA in connection with an

administrative hearing regarding the Heloise Munson Foundation's claims for reimbursement.

14. October 9, 2013, **Munson** testified falsely under oath at an administrative hearing that he had purchased food, juice, and milk from Janus in 2013 and testified falsely that he had made purchases from Janus "last year."

15. Following the hearing, on October 11, 2013, TDA sent an email to **Munson** attaching an affidavit from an accountant who had tried, unsuccessfully, to verify Janus's existence. **Munson** forwarded the email and affidavit to Person A.

16. On or about October 14, 2013, Person A created a second false affidavit from a fictitious person who claimed to be "a designated officer of Janus Wholesale Foods." The affidavit falsely indicated that Janus had been in business since September 2008 and attached a fake IRS letter purporting to assign an Employer Identification Number to Janus. **Munson** caused this affidavit to be submitted to TDA.

17. On or about the dates set forth below, in the Dallas Division of the Northern District of Texas and elsewhere, **Michael Anthony Munson**, did (i) falsify, conceal, or cover up by trick, scheme, or device a material fact, (ii) make a false, fictitious, or fraudulent statement or representation, and (iii) make or use a false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry, in connection with claims for reimbursement in connection with the Summer Food Service Program, to wit, **Munson** submitted the following false claims for reimbursement, each claim constituting a separate count:

| Count | Date of Claim Submission (Program Month) | Number of Meals Claimed | Amount Claimed | Nature of Falsity |
|---|---|---|---|---|
| 1 | 09/06/2013 (July 2013) | 275,422 | $625,450.33 | Inflated meal counts at serviced sites and Janus invoices |
| 2 | 09/16/2013 (August 2013) | 221,181 | $510,267.52 | Inflated meal counts at serviced sites, false meal counts for sites not serviced, Janus invoices, and forged meal delivery ticket |
| 3 | 08/11/2014 (June 2014) | 104,169 | $241,695.80 | Inflated meal counts at serviced sites and false meal counts for sites not serviced |
| 4 | 08/11/2014 (July 2014) | 165,957 | $383,027.84 | Inflated meal counts at serviced sites and false meal counts for sites not serviced |
| 5 | 10/08/2014 (August 2014) | 64,432 | $153,924.10 | Inflated meal counts at serviced sites and false meal counts for sites not serviced |

All in violation of 42 U.S.C. § 1761(o)(1).

Forfeiture Notice
(42 U.S.C. § 1786(p))

19. Paragraphs 1 through 18 of this indictment are realleged and incorporated by reference as though fully set forth herein.

20. Upon conviction of any offense alleged in this indictment, and pursuant to 42 U.S.C. § 1786(p), **Munson** shall forfeit to the United States any property, real or personal, constituting or derived from, directly or indirectly, the gross proceeds traceable to the commission of the offenses.

21. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offenses.

Substitute Assets

22. Pursuant to 21 U.S.C. § 853(p), if any of the above-described property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

A TRUE BILL.

FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8604
Facsimile: 214-659-8802
douglas.brasher@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

MICHAEL ANTHONY MUNSON

---

INDICTMENT

42 U.S.C. § 1761(o)(1)
Summer Food Service Program Fraud
(Counts 1-5)

42 U.S.C. § 1786(p)
Forfeiture Notice

5 Counts

---

A true bill rendered

DALLAS FOREPERSON

Filed in open court this 28th day of August, 2018.

---

**Warrant to be Issued**

---

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending